The answer denied the allegations of the petition, and did not admit that the defendant was liable for the payment of unemployment compensation contributions as an employer of eight or more persons for wages during twenty weeks of the years 1937-1942. Since the answer, both by denial of the allegations of the petition and by affirmative allegations negativing liability, raised issues which had necessarily to be determined before a judgment against the defendant could legally be rendered, the court erred in sustaining the general demurrer to the answer.
Judgment reversed. Stephens, P. J., and Sutton, J.,concur.
 DECIDED MARCH 19, 1943.
Ben T. Huiet, commissioner of the Department of Labor and ex-officio administrator of the unemployment compensation law, sued J. R. Dunn to recover contributions alleged to be due under the unemployment compensation act. The petition alleged, that during the calendar years 1937 through a part of 1942 the defendant employed persons in the conduct of his business; that the defendant during said period was an "employing unit" as defined in section 19(g) (1) of the act of 1937 (Ga. L. 1937, pp. 806 et seq.); that the defendant is an employer within the meaning of the act, in that for some portion of a day during as many as twenty weeks of each year he employed eight or more persons in paid employment, and thereby became liable for unemployment contributions levied by the act; that the defendant owned and operated a wholesale and retail plant for the sale and distribution of gas and oil, and owned or had leases on a number of service-stations where gasoline and oil were sold at retail; that these stations had been let to other persons who operated them and that such persons obligated themselves to purchase gasoline and oil for retail sale only from the defendant, and that the defendant compensated said persons by a division of net profits on a commission basis. The defendant answered, denying the allegations of the petition, and alleging that the operators of the stations bought gasoline and oil from defendant as a wholesaler, at wholesale prices; that he did not control their actions in the resale of gasoline and oil; that he did not sell to them any other article, such as candy, cold drinks, tires, tubes, and countless other items bought and sold by the operators without the knowledge, interest, or liability to defendant in their dealings with *Page 161 
numerous other merchants; and that the operators were required to pay their own license fees, hire their own help, and pay social security taxes, etc.; and that defendant exercised no control or dominion over the operators other than that of landlord and tenant or wholesaler and distributor.
The court sustained a general demurrer to the answer, and rendered judgment for the plaintiff. The defendant excepted.